IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CANDIS BROWN, ARNITRIUS HURST, MARY SHANNON PAGE, MONICA CANNON, TERRY ANDERSON, LAURA GRABLE, AND THERESA EVANS, | : : : : : : : | |
| Plaintiffs, | : : | |
| vs. | : : | 5:05-CV-283 (DF) |
| FREDDIE MORRIS, individually, and JAKE NORRIS, individually, | : : : : | |
| Defendants. | : | |

**O R D E R**

**I.   INTRODUCTION**

On August 11, 2005, Plaintiffs Candis Brown, Arnitrius Hurst, Mary Shannon Page, Monica Cannon, Terry Anderson, Laura Grable, and Theresa Evans ("Plaintiffs") instituted this § 1983 action against Defendants Freddie Morris and Jake Norris ("Defendants"). Plaintiffs, all former inmates at the Washington County Jail in Washington County, Georgia, allege that Defendants, former jailors at the

same facility, sexually assaulted them in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

## II.     PROCEDURAL BACKGROUND

Before Plaintiffs filed this suit, a Washington County grand jury indicted Defendant Morris on six counts of sexual assault against a person in custody, in violation of O.C.G.A. § 16-6-5.1 (Lexis 2005). Defendant Norris was indicted on one count of sexual assault under the same statute. (Pls.' Br. Resp. Mot. Protec. Order, doc. 36, at 1.) Although the charges against Defendants were pending when this suit was filed, they did not move to stay discovery. Instead, Defendants engaged in discovery pursuant to the Court's Scheduling and Discovery Order (doc. 19). (Pls.' Resp. 2.)

Defendants' depositions were originally scheduled for December 5, 2005. On December 2, 2005, however, the parties stipulated that Defendants would assert the Fifth Amendment privilege in response to any questions relating to the sexual-abuse allegations.[1]  (Pls.' Resp. 2.)

---

[1] The relevant portion of the stipulation provides:
> The parties agree that this stipulation shall have the same force and effect as if Defendants had appeared at their noticed depositions and asserted their Fifth Amendment right against self-incrimination as to each question within the scope of discovery as set forth in Rule 26(b) that could have been asked of them as to the general areas of inquiry set forth above.

2

Following the parties' stipulation regarding Defendants' deposition testimony, Defendant indicated that they intended to file a motion for protective order because they would be asserting the Fifth Amendment privilege in response to each of Plaintiffs' discovery requests. (Pls.' Resp. 2-3.) On December 6, 2005, Defendants filed a motion for protective order. In their motion, Defendants invoked the Fifth Amendment privilege as to any information requested by Plaintiffs relating to the sexual-abuse allegations, and requested an order from this Court prohibiting Plaintiffs from seeking discovery about this information. (Pls.' Resp. 3; Defs.' Mot. Protec. Order, doc. 29, at 6.) Plaintiffs did not oppose the protective order; however, they did request a simultaneous order precluding Defendants from "offering into evidence any matter relating to the matters as to which [Defendants] asserted their Fifth Amendment rights." (Pls.' Resp. 1.)

Before this Court is Defendants' motion for protective order (doc. 29) and Plaintiffs' request for a preclusion order (doc. 36). For the reasons set forth below, Defendants' motion for protective order is hereby **GRANTED**, and Plaintiffs' request for a preclusion order is hereby **DENIED**.

---

(Pls.' Resp. 2.)

3

## III. LEGAL DISCUSSION

### A. Protective Order

The Fifth Amendment privilege against compulsory self-incrimination "protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 445 (1972). The protection of the Fifth Amendment "does not merely encompass evidence which may lead to a criminal conviction, but includes information which would furnish a link in the chain of evidence that could lead to prosecution, as well as evidence which an individual reasonably believes could be used against him in a criminal prosecution." *Maness v. Meyers*, 419 U.S. 449, 461 (1975). The Fifth Amendment privilege may be asserted in "any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory." *Kastigar*, 406 U.S. at 444.

Defendants are entitled to a protective order. Defendants are currently facing criminal sexual-assault charges, and additional charges may be brought against them. Plaintiffs have attempted to discover information that Defendants reasonably believe would furnish a link in the chain of evidence that could lead to further prosecution, or that could be used against them in their current criminal

proceedings. (Defs.' Mot. Protec. Order 5.) Furthermore, Plaintiffs do not object to a protective order. (Pls.' Resp. 1.) Therefore, in the interest of safeguarding Defendants' Fifth Amendment rights, Defendants' motion for protective order is hereby **GRANTED** .

## B. Preclusion Order

While Plaintiffs do not object to the protective order, Plaintiffs do argue that, if the Court enters such an order, the Court should simultaneously enter an order precluding Defendants from offering into evidence any matter as to which they have asserted the Fifth Amendment privilege. (Pls.' Resp. 1.)

Plaintiffs argue that the Court should enter a preclusion order to encourage fairness and to prevent unfair surprise. According to Plaintiffs, Defendants should not be allowed to assert the Fifth Amendment privilege to resist discovery, and later be permitted to waive the privilege to support a defense or assertion. (Pls.' Resp. 3.) Plaintiffs further argue that the absence of a preclusion order would undermine their ability to ascertain Defendants' position. (Pls.' Resp. 4.)

In response, Defendants insist that they do not intend to "toss aside" the Fifth Amendment privilege to support their assertions at a later date; however, Defendants do wish to reserve their right to testify at trial in this civil matter if the

criminal matter is resolved prior to trial. (Defs.' Reply , doc. 38, at 2.) Defendants also point out that there is no controlling authority in this Circuit that either precludes them from later testifying if the criminal matter is resolved or that requires the Court to issue a preclusion order. (Defs.' Reply 1.)

As noted above, the invocation of the Fifth Amendment privilege affords a party a wide range of protection from the discovery requests of the opposing party. *See* **Kastigar**, 406 U.S. at 445. Indeed, "a civil litigant's invocation of the privilege against self-incrimination during the discovery process is far from costless. It will, for example, always disadvantage opposing parties—at least to some extent—since it keeps them from obtaining information they could otherwise get." **United States v. Certain Real Prop. & Premises Known as 4003-4005 5th Ave.,** 55 F.3d 78, 84 (2d. Cir. 1995).

The Court finds two cases to be instructive on this issue: **SEC v. Rehtorik**, 135 F.R.D. 204 (S.D. Fla. 1991) (denying preclusion order) and **SEC v. Zimmerman**, 854 F. Supp. 896 (N.D. Ga. 1993) (granting preclusion order).

In **Rehtorik**, the SEC filed a civil action against two defendants for their alleged violations of securities regulations. 135 F.R.D. at 205. Shortly thereafter, the defendants were indicted for the fraudulent sale of securities. *Id.* During their

6

depositions, both defendants asserted the Fifth Amendment privilege in response to questions relating to the disgorgement of fraudulently obtained monies "for fear of implicating themselves in the criminal proceedings." *Id.* The SEC moved for an order precluding the defendants from later offering any evidence—including the defendants' own testimony—on the disgorgement issue. *Id.* at 206. The scope of the proposed preclusion order would not only have precluded defendants' own testimony, but also the introduction of *any* evidence to support their position on the disgorgement issue. *Id.* at 206.

The court refused to issue a preclusion order as to one defendant,[2] allowing him to submit rebuttal evidence on the disgorgement issue, and characterizing the SEC's motion to preclude the defendant's submission of his own testimony as premature. *Id.* at 206. In support of its decision to allow rebuttal evidence, the court stated that the preclusion order would prove "too costly a price for [the defendant's] legitimate assertion of privilege." *Id.* (internal quotations omitted). The court further reasoned that if the defendant sought to offer his testimony at a later date, then the court would either "entertain a renewal of the SEC's motion," or find that

---

[2] Although the SEC originally sought a preclusion order against both defendants, the Court found that, because one defendant did not respond to the SEC's summary-judgment motion after being directed by the court to do so, that defendant had "already precluded himself from responding in any way to the SEC's motion." *Rhetorik*, 135 F.R.D. at 205.

he had waived his Fifth Amendment privilege. *Id.*

In *Zimmerman*, the SEC brought suit against a defendant for securities fraud. 854 F. Supp. 896 (N.D. Ga. 1993). In response to the SEC's discovery requests, the defendant asserted his Fifth Amendment privilege, but stated that, depending on the result of any criminal investigation, he might testify. *Id.* at 898-99. The defendant explained that if he chose to testify, he would respond to discovery requests and allow the SEC to depose him. *Id.* at 898. The SEC argued that to avoid unfair surprise, the defendant should either be compelled to waive his privilege so that it could conduct more discovery, or precluded from using information withheld under the Fifth Amendment privilege as a defense. *Id.*

The court granted the preclusion order for two reasons. First, the defendant was no longer a defendant in any criminal proceeding; therefore, he was not forced to choose between waiving his privilege by testifying in the civil proceeding and an adverse judgment. *Id.*; *see also* **United States v. Premises Located at Route 13**, 946 F. 2d 749, 756 (11th Cir. 1991). Second, the defendant did not assert his Fifth Amendment privilege until after discovery was complete and the SEC had filed its summary judgment motion. *Zimmerman*, 854 F. Supp. at 899. The court reasoned that, "by waiting, the [d]efendant [ ] made his decision" and was therefore

8

precluded from using any evidence he withheld by invoking his Fifth Amendment privilege. *Id.* The court did, however, permit the defendant to use any "other outside discovered evidence" to support his civil defense. *Id.*

The Court finds that a preclusion order is not warranted under the facts of this case for two reasons. First, at this stage of the proceedings, a preclusion order would be premature. Because discovery is still ongoing, Plaintiffs' risk of unfair surprise is minimal. If Defendants seek to testify at trial, the Court may either treat the testimony as a waiver of the Fifth Amendment privilege, or renew Plaintiffs' motion for a preclusion order to prevent unfair surprise. *See* **Rhetorik**, 135 F.R.D. 204. Second, unlike the defendants in **Zimmerman**, Defendants are involved in parallel criminal and civil proceedings, and they have invoked the Fifth Amendment privilege early on in the discovery process.

The Court realizes that Defendants' invocation of the privilege places Plaintiffs at a disadvantage; however, the Court has explored all possible measures and selected a means which it feels strikes a fair balance and accommodates the parties to the greatest extent possible. If it appears at any time that Defendants have invoked the Fifth Amendment privilege to "abuse, manipulate or gain an unfair strategic advantage" over Plaintiffs, the Court reserves the right to adopt remedial

procedures or to impose sanctions. *See **Certain Real Prop. & Premises Known as 4003-4005 5th Ave.**,* 55 F.3d at 84.  Accordingly, Plaintiffs' request for a preclusion order is hereby **DENIED**.

## IV.   CONCLUSION

Based on the relevant law and the arguments considered by the Court and set forth above, Defendants' motion for protective order (doc. 29) is hereby **GRANTED**, and Plaintiffs' request for a preclusion order (doc. 36) is hereby **DENIED**.

SO ORDERED, this 1st day of March, 2006.

<u>**/s/ C. Ashley Royal**</u>
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT

CAR/jab